IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-50796 |
| | ) | |
| ROBERT ANDREW PARKINSON, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Preston |
| | ) | |

**JOINT STATUS REPORT FILED BY COUNSEL FOR
THE DEBTOR, DIANA KHOURI, AND THE UNITED STATES TRUSTEE**

The United States Trustee, through counsel, in conjunction with counsel for the Debtor, Diana Khouri, Esq. ("Attorney Khouri"), hereby files this Report of ongoing efforts to resolve the issues set forth in the *United States Trustee's Motion to Determine Excessiveness of Attorney Fees* [Docket No. 19], which was filed on April 7, 2011. When no responsive pleading was filed, within the notice period allowed, the Court entered an *Order Granting Motion of United States Trustee to Disgorge Fees* [Docket No. 22], dated May 5, 2011. Therein, the United States Trustee's Motion was granted, and Attorney Khouri was personally ordered to:

> ". . . return half of the fees charged in this case ($599.50) to the Debtor within
> seven (7) days from the date of this Order. Counsel is further ordered to
> file a certification with the Court verifying compliance with this Order
> within fourteen (14) days from the date of this Order."

When the Court's Order was not complied with, by Attorney Khouri, in the time period set forth therein, she was again contacted by counsel for the United States Trustee. Attorney Khouri has been working with counsel for the United States Trustee to resolve the issues in this case ever since.

I, Attorney Diana Khouri, do hereby state and aver as follows:

1. I respectfully apologize for not complying with the time lines set forth by this Honorable Court. At no time did I ever mean to disregard or disrespect this Honorable Court. I had computer difficulty coupled with a flare up of rheumatoid arthritis and therefore did not respond as I should have responded. I have never intended to charge anyone excessive fees at any time since I was sworn in on May 12, 1997. In fact, I have never charged a late fee or sued a client to date. I recognized this was not the field of law for me and had stopped taking cases in March 2011 just prior to a 341 hearing in Dayton in a different case.
2. I wanted to help people who were having financial difficulty. I have been persevering through a difficult set of circumstances; my husband died in Lome, Togo, Africa on September 22, 2003 and left me $100.00, numerous bills and a new baby. The stress led to severe rheumatoid arthritis. Since my husband died, I have been sharing office space with Edward W. Rausch who has practiced almost 37 years. He, too has had some health issues and has never been in a position to employ me, but advises me as to only criminal and domestic cases. Approximately 1 year ago, Pam Theodotou, a Columbus attorney discussed bankruptcy work with me. Ed Rausch explained bankruptcy was all electronic now and he absolutely would not be able to help or advise me with consumer bankruptcy. Pam Theodotou said she would be building a firm and I could get in on the ground level and grow with her. We were going to be understanding of our clients' financial situation and they would appreciate us so much, they would make voluntary payments after their bankruptcies were discharged. The firm did not grow, and rarely did any clients show their appreciation by making payments. She asked me to finish some of her remaining cases and closed her practice she told me for personal reasons. I relied on her totally, as she represented her bankruptcy skills to me, regarding my work with consumer bankruptcy. She

assured me I would never have to file anything electronically, her staff was capable and would work with me and I believed her. I have always wanted to help my clients and I gave all clients both the office telephone and my cell telephone. I always returned all calls within 24 hours.

3. I am not a computer type person. I do not have a kindle I read actual books. I am highly competent when using the computer as a word processor. I am not as competent as I would like to be with the computer in general, and I have to improve my level of computer competence. To accomplish this feat, I will be working with a CSU graduate, Mr. Wael who holds a Master's in Computer Science to help me during the summer to improve my computer skills. This young man attends our church and I believe he is trustworthy.

4. The failure to respond was due to my inability to respond due to computer difficulty. I saw a message to update my computer and then the message required me to copy a long number. The number was so long it filled an 8½ x 14 legal sheet. This was the beginning of the computer trouble. This was a virus. This was a terrible loss. The computer required extensive work.

5. The very next day an e-mail my mother had forwarded to me contained a worm and the computer trouble started all over again, this time my laptop was ruined. I do not know how to even begin to apologize for my actions. It was never my intent for any of this to happen. I deeply regret these events. I am telling you the truth, I do not drink, take drugs or even smoke. All of my stress and the record rainfall made my arthritis unbearable and I could not walk. The office I share with Mr. Rausch is far, he has suggested getting a post office box close to home. I am arranging for a box now. I promise I will do whatever it takes to correct this situation. I am embarrassed I unable to pay the amounts due at this time, but I will begin making payments. I am actively seeking employment at this time; however I do not wish to practice in the field of consumer bankruptcy ever again. I do not want to be a quitter. I want to retake the bankruptcy filing course until I am not

afraid to file electronically, just because I do not ever want to rely on another person for filing ever again.

6. I was afraid of making a mistake and ethically I did not want to use a public computer in the public library to prepare a response indicating I had no computer access and citing a client's information. I was wrong. I had erroneously believed the computer would be fixed quickly.

7. My whole life I wanted to be a lawyer. My parents met in law school and my brother is a lawyer. I never intended to charge anyone excessive fees. I graduated from Regent Law School, founded by Pat Robertson. I also have a Master's Degree from Regent's School of Divinity. I only wanted to help people.

8. I was personally unable to file responses electronically not only because of the above stated computer difficulty, but also because I had just never done this previously. I contacted counsel for the U.S. Trustee, Mr. Flannery, by telephone to explain my actions and pledge my earnest support to resolve this matter.

9. I am truly repentant. This will never happen again because I no longer intend to practice in the field of consumer bankruptcy.

10. For the legal services provided in this case, I declare that the Debtor paid only $150 of the $1199 charged in attorney fees, and paid nothing in Court filing fees as he proceeded *in forma pauperis* [Docket No. 15].

11. I hereby certify that I am fully aware I have been ordered to disgorge half of the fees charged back to the Debtor pursuant to this Court's Order [Docket No. 22], dated May 5, 2011.

12. Due to my personal financial situation, I am presently unable to immediately refund the full amount of the fees at issue. While half of the fees charged was never received, I fully intend to refund the received attorney fees identified above ($150) to the Debtor on or before July 31, 2011.

13. I shall submit evidence of the disgorgement to the Office of the United States Trustee within seven (7) calendar days of doing so.

14. I shall also submit a Statement to the Court on or before August 8, 2011, certifying my compliance with my statements made herein and with the Court's Order dated May 5, 2011 [Docket No. 22].
15. I understand that failure to comply with the statements and promises I have set out herein may result in the United States Trustee, or the Court *sua sponte*, taking action requiring me to personally appear and show cause why I should not be held in contempt for my failure to comply with the terms of the Orders entered by this Court. In the event I am unable to comply with the repayment deadlines outlined above, **for any reason**, I shall file a Report with the Court, **on or before the designated deadline**, notifying them of the pending delay, outlining the reason(s) for my inability to comply, and establishing a revised repayment deadline.
16. I also understand that I am, and continue to be, counsel of record in the Debtor's case, and that I must continue to do whatever is required to competently represent my client until his case is fully administered and closed by the Court. The Debtor received his discharge on May 17, 2011 [Docket No. 24].[1]
17. Finally, while I do not intend to ever file any more bankruptcy cases within the Southern District of Ohio, I intend to complete remedial ECF Training to better familiarize myself with electronic filing. Should I ever decide to practice in this area of law again, I intent to acquire a mentor who has substantial training and experience in the specialty area of bankruptcy law to assist me.

---

[1] The parties note for the record that this case was closed by the Court on June 1, 2011, and that a motion to reopen may be necessary should any further action be required based on what is set forth herein and/or in the Court's prior Orders.

CONTENT APPROVED AND SUBMITTED BY:

DANIEL M. MCDERMOTT
UNITED STATES TRUSTEE FOR REGION 9

 /s/ Jeremy Shane Flannery
Jeremy Shane Flannery (NC Bar #27826)
Attorney for the U.S. Trustee
170 North High Street, Suite 200
Columbus, OH  43215
Telephone:  (614) 469-7411 ext. 224
Facsimile:  (614) 469-7448
Email:  Jeremy.S.Flannery@usdoj.gov



 /s/ Diana Khouri per email authorization dated June 8, 2011
Diana Khouri, Esq. (0067530)
Attorney for the Debtor
6300 Rockside Road, Suite 204
Cleveland, OH  44131
Telephone:  (866) 964-7275
Email:  dianakhouriohio@gmail.com, khouridiana@yahoo.com

# CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2011, a copy of the foregoing **JOINT STATUS REPORT** was served on the following registered ECF participants, electronically through the Court's ECF System at the email address registered with the Court:

Asst US Trustee (Col), ustpregion09.cb.ecf@usdoj.gov
Christopher J. Klym, cjklym@hiklaw.com
Larry J. McClatchey, rkelley@keglerbrown.com, lmcclatchey@ecf.epiqsystems.com
Diana Khouri, Dianakhouriohio@gmail.com
Mary Anne Wilsbacher, MaryAnne.Wilsbacher@usdoj.gov

and on the following by ordinary U.S. Mail addressed to:

Robert Andrew Parkinson
389 East 13th Avenue
Unit B
Columbus, OH 43201

/s/ Jeremy Shane Flannery
Jeremy Shane Flannery